IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BENNIE LEE STONE (09),<br><br>    Defendant. | Case No. 17-20038-09-DDC |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Bennie Lee Stone's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 892). The government filed a Response (Doc. 900) and Mr. Stone filed both a Reply (Doc. 902) and a Supplement (Doc. 921). For reasons explained below, the court dismisses the motion for lack of subject matter jurisdiction.

**I. Background**

On September 20, 2017, a grand jury returned a Superseding Indictment charging Mr. Stone with (1) knowingly and intentionally conspiring to possess with intent to distribute more than 50 grams of methamphetamine—violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846 and 18 U.S.C. § 2, and (2) knowingly and intentionally using a telephone when committing the above act—violating 21 U.S.C. § 843(b). Doc. 98 at 1–2, 11. Mr. Stone pleaded guilty to all the charges against him in the Superseding Indictment except one. Doc. 361 at 1 (¶ 5). On January 24, 2020, the court sentenced Mr. Stone to 75 months' imprisonment and five years of supervised release. Doc. 737 at 2. Mr. Stone is set to complete his term of imprisonment on April 29, 2025. *See* Bennie Lee Stone, Reg. No. 31855-064, https://www.bop.gov/inmateloc/ (last visited Apr. 8, 2021).

**II.     Legal Standard**

"'Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]'" *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.'" *United States v. Maumau*, ___ F.3d ___, 2021 WL 1217855, at *6 (10th Cir. Apr. 1, 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."  *Id.*  That statute allows "a defendant to directly file a motion for compassionate release with the district court after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, or the passage of 30 days from the defendant's unanswered request to the warden for such relief."  *Id.* at *7.

The Tenth Circuit adopted a "three-step test [ ] consistent with the plain language of the statute" to determine if the court has authority to modify a sentence under § 3582(c)(1)(A)(i).  *Id. First*, the court determines whether "extraordinary and compelling reasons warrant a sentence reduction."  *Id.* (internal quotation marks and citation omitted).  *Second*, the court determines "whether such reduction is consistent with *applicable* policy statements issued by the Sentencing Commission."  *Id.* (internal quotation marks and citation omitted).  And *third*, the court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case."  *Id.*  (internal quotation marks, text alteration, and citation omitted).

"'Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request.'"

*Poutre*, 834 F. App'x at 474 (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) (quotations omitted)). Tenth Circuit "cases thus require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction." *Id.* (first citing *White*, 765 F.3d at 1250; then citing *United States v. C.D.*, 848 F.3d 1286, 1291 (10th Cir. 2017)).

### III. Discussion

#### A. Exhaustion or Lapse Under 18 U.S.C. § 3582(c)(1)(A)

The court may consider a defendant's request for compassionate release "after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, or the passage of 30 days from the defendant's unanswered request to the warden for such relief." *Maumau*, 2021 WL 1217855, at *8.

Mr. Stone asserts that he submitted his request for compassionate release to the warden of FMC Fort Worth on June 4, 2020. Doc. 921 at 1 (citing Doc. 892-2). And, he asserts that the warden never responded. *Id.* As of March 25, 2021, the government "verified that the Bureau of Prisons had no record of a response to that request." *Id.* So, more than 30 days passed in silence before Mr. Stone filed his motion in federal court on September 20, 2020. He thus shows a lapse satisfying § 3582(c)(1)(A)'s requirement. *See Maumau*, 2021 WL 1217855, at *8.

Next, the court considers whether he presents extraordinary and compelling reasons under § 3582(c)(1)(A)(i).

#### B. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) requires the court to find "extraordinary and compelling reasons warrant a sentence reduction" before granting a compassionate release motion. *Maumau*, 2021 WL 1217855, at *8. "But neither § 3582(c)(1)(A)(i), nor any other part of the statute, defines the phrase 'extraordinary and compelling reasons' or indicates that the Sentencing Commission is

3

charged with defining the phrase." *Id.*  This court—when the defendant files a motion—has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by the second part of the statutory test, *i.e.* the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission pursuant to §§ 994(a)(2)(C) and (t)." *Id.*

Mr. Stone asserts that his health conditions include obesity, prediabetes, and hyperlipidemia.  Doc. 892 at 6.  Mr. Stone contends that these health conditions, during the COVID-19 pandemic, qualify as extraordinary and compelling.  *Id.*  The government concedes that Mr. Stone's medical conditions "establish[] extraordinary and compelling reasons" under the relevant "CDC and/or DOJ guidelines[.]"  Doc. 900 at 16.

Mr. Stone's body mass index (BMI) falls between 40.0 to 44.9, Doc. 892-1 at 6, which the CDC defines as severely obese, *see* CDC, People with Certain Medical Conditions (updated Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 1, 2021) ("severe obesity (BMI of ≥40 kg/m$^2$)").  And, the CDC recognizes obesity "**can make you more likely** to get severely ill from COVID-19."  *Id.*  The court recognizes that Mr. Stone's combined medical conditions may create a higher risk of developing severe illness from COVID-19.  Mr. Stone has established extraordinary and compelling reasons exist to consider his motion.

Satisfied that extraordinary and compelling reasons exist here, the court next considers whether the relevant sentencing factors under 18 U.S.C. § 3553(a) warrant the sentence modification Mr. Stone requests.

    **C.**    **Sentencing Factors of 18 U.S.C. § 3553(a) [1]**

---

[1]     The relevant sentencing factors the court considers are:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to

Mr. Stone asks the court to reduce his "sentence to time served and put him on home confinement as a condition of supervised release." Doc. 892 at 8. And, Mr. Stone argues the court should assess § 3553(a)'s factors to reflect today's circumstances, namely the COVID-19 pandemic. Doc. 902 at 1–2.

The government opposes Mr. Stone's motion because, it argues, § 3553(a)'s sentencing factors disfavor his request. Doc. 900 at 20.[2] The government asserts that "a reduction to time-served would run counter relative to the nature and seriousness of his offense and the need for his sentence to provide just punishment and otherwise promote respect for the law." *Id.* at 18; *see also* 18 U.S.C. § 3553(a)(1)–(2)(A).

The court must determine whether the requested reduction "is warranted in whole or in part under the particular circumstances of the case" after considering § 3553(a)'s applicable sentencing factors. *See Maumau*, 2021 WL 1217855, at *8 (internal quotation marks and citation omitted); 18 U.S.C. § 3582(c)(1)(A) ("after considering the factors set forth in section 3553(a) to the extent that they are applicable"). The court considers § 3553(a)'s sentencing factors under present circumstances. *See United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *5–6 (D. Kan. Oct. 8, 2020) (discussing § 3553(a) and the required shift in the court's § 3553(a) analysis to warrant the requested sentence modification).

---

reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the offense committed; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

2   The government concedes Mr. Stone "does not appear to pose a direct danger to society upon release[.]" *See* Doc. 900 at 18.

5

If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even when the defendant faces extraordinary and compelling circumstances.  *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence" (citations omitted)); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence." (citations omitted)); *cf. United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting motion under § 3582(c)(1)(A) where defendant served nearly 95% of his sentence and already had transferred to a residential reentry center).

Here, Mr. Stone is set to complete his term of imprisonment on April 29, 2025.  *See* Bennie Lee Stone, Reg. No. 31855-064, https://www.bop.gov/inmateloc/ (last visited Apr. 8, 2021).  So, roughly 48 months—or 64%—of his 75-month term of imprisonment remain.  He asks the court to modify his sentence by reducing his term of imprisonment to time served and adding a corresponding term of home confinement as a condition of supervised release.  Doc. 892 at 8.  Replacing a period of imprisonment with a corresponding period of home confinement can mitigate the extent to which the sentence modification reduces the severity of the total sentence.  *See Johnson*, 2020 WL 5981676, at *6.  But, home confinement and imprisonment are not exact equivalents.

Under the modified sentence Mr. Stone requests, home confinement would replace about 64% of the term of imprisonment.  To grant this request would reduce the severity of Mr. Stone's

sentence. A conclusion that this modified sentence is "sufficient . . . to comply with the purposes" § 3553(a)(2) sets forth would require a significant change in the court's view of § 3553(a)'s factors.

Given Mr. Stone's incarceration and health condition during the COVID-19 pandemic, the court's assessment of certain factors under § 3553(a) have shifted, at least somewhat. The court concludes that some sentencing factors favor a lesser sentence today than when the court considered them during Mr. Stone's January 2020 sentencing. But the shift of those factors has not shifted far enough for the court to conclude that the pertinent § 3553(a) factors—*in aggregate*—justify the modified sentence that Mr. Stone seeks. Mr. Stone's offense conduct included transporting 6.136 kilograms of methamphetamine (about 13.5 pounds) across state lines, an undoubtedly serious offense. Doc. 426 at 12–13 (PSR ¶ 41); *see* 18 U.S.C. § 3553(a)(2)(A) (considering "the need for the sentence imposed . . . to reflect the seriousness of the offense"). And, while on release, Mr. Stone violated the terms of release when law enforcement officers arrested him for domestic violence—a charge he later pleaded guilty to committing—and he tested positive for cocaine. *Id.* at 8, 17 (PSR ¶¶ 7, 70); *see* 18 U.S.C. § 3553(a)(2)(B) (considering "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant"). Replacing 64% of Mr. Stone's term of imprisonment with home confinement no longer would reflect the seriousness of Mr. Stone's offense conduct or afford adequate deterrence to criminal conduct. *See* 18 U.S.C. 3553(a)(2)(A)–(B).

The court concludes that the modified sentence that Mr. Stone requests fails to reflect the applicable sentencing factors and would not comply with the purposes that § 3553(a) lists. Thus, modifying the imposed term of imprisonment is not warranted under § 3582(c)(1)(A). Since Mr.

Stone's motion fails to satisfy the statutory requirements, the court lacks subject matter jurisdiction and must dismiss the motion.  See *Poutre*, 834 F. App'x at 474.

## IV. Conclusion

Mr. Stone asks the court to modify his sentence by reducing his term of imprisonment to time served and adding a corresponding period of home confinement to the terms of his supervised release.  While the risks his medical conditions present to him while incarcerated during the COVID-19 pandemic do alter the court's analysis of certain sentencing factors under § 3553(a) to some extent, the shift is insufficient to permit the court to conclude that Mr. Stone's extraordinary and compelling reasons warrant the substantial sentencing modification he seeks.  So, § 3582(c)(1)(A) does not permit the court to modify Mr. Stone's sentence.  The court must dismiss the motion for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Stone's Motion to Reduce Sentence (Doc. 892) is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 14th day of April, 2021, at Kansas City, Kansas.**

>	s/ Daniel D. Crabtree
>	**Daniel D. Crabtree**
>	**United States District Judge**